UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK KOKOWICZ,

    Petitioner,

v.

Case Number 06-10711-BC
Honorable Thomas L. Ludington

BLAINE LAFLER,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mark Kokowicz presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Macomb County Circuit Court of two counts of first-degree criminal sexual conduct, Mich. Comp Laws § 750.520b(1)(c); one count of second-degree criminal sexual conduct, Mich. Comp Laws § 750.520c(1)(c); two counts of delivery of a controlled substance to a minor, Mich. Comp Laws § 333.7410(1); one count of possession of a controlled substance, Mich. Comp Laws § 333.7403(2)(b)(ii); and two counts of furnishing alcohol to a minor, Mich. Comp Laws § 436.1701(1).

Petitioner was sentenced to two terms of fifteen to thirty years on the first-degree criminal sexual conduct convictions, five years, eleven months to fifteen years on the second-degree criminal sexual conduct conviction, two terms of eight to fourteen years for the delivery of a controlled substance to a minor convictions, one to two years for the possession of a controlled substance conviction, and two $ 45.00 assessments for furnishing alcohol to a minor convictions.

Petitioner alleges that the trial court violated his right to an impartial jury by permitting the jurors to submit questions of the witnesses, and that he was deprived of his due process right to a

fair trial before an impartial judge and jury when the trial court judge asked questions to the witnesses, answered the jury's questions, and lectured the jury on various matters. Respondent Blaine Lafler has filed an answer to the petition, asserting that the claims are procedurally defaulted and/or lack merit. The Court agrees that Petitioner's claims are procedurally defaulted, therefore the petition will be denied.

I.

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's convictions were affirmed on appeal. *People v. Kokowicz,* No. 251476 (Mich.Ct.App. May 12, 2005); *lv. den.* 474 Mich. 908; 715 N.W. 2d 124 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court violated Appellant's due process right to trial by an impartial jury by allowing jurors to submit questions for witnesses during the trial.

II. Judge Switalski denied Mr. Kokowicz his state and federal due process right to a fair trial before an impartial judge and jury when he helped the prosecutor prove his case, answered jurors' questions and lectured the jury.

Petition, p. 4 [dkt #1].

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed by the Court as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

II.

Respondent contends that Petitioner's two claims are procedurally defaulted, because Petitioner failed to preserve these issues in the state trial court by objecting and the Michigan Court of Appeals relied on this failure to object in denying Petitioner's claims on his appeal of right.

With respect to Petitioner's first claim, the Michigan Court of Appeals ruled that because

Petitioner failed to object either to the court's instruction which allowed jurors to ask questions or to the specific questions themselves, the issue was unpreserved and would be reviewed for plain error. *People v. Kokowicz,* Slip. Op. at * 1. Finding no plain error, the Michigan Court of Appeals rejected Petitioner's first claim. *Ibid.* The Michigan Court of Appeals likewise found Petitioner's second claim to be unpreserved because Petitioner failed to object to the trial court's questions and comments at trial. *Ibid.* at p. 2. The Michigan Court of Appeals likewise reviewed Petitioner's second claim for plain error and finding none, affirmed Petitioner's conviction. *Ibid.*

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at the trial court level to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman,* 94 F. 3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a Petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F. 3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule

applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle,* 260 F. 3d 684, 693 (6th Cir. 2001). In addition, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[ ] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F. 3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna,* 534 U.S. 362, 375 (2002). If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F. 3d at 161; *Williams v. Withrow,* 328 F. Supp. 2d 735, 750 (E.D. Mich. 2004).

In the present case, the Michigan Court of Appeals found that by failing to object at trial, Petitioner had not preserved his first and second claims for review. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claims does not constitute a waiver of the state procedural default. *See Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Petitioner's claims for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.

*Coleman,* 501 U.S. at 750; *See also Gravley v. Mills,* 87 F. 3d 779, 784-85 (6th Cir. 1996). With respect to Petitioner's first and second claims, he has neither alleged nor established cause to excuse his procedural default. When cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986*); Long v. McKeen,* 722 F. 2d 286, 289 (6th Cir. 1983).

Further, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [a] petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has made no such showing in this case. Petitioner's first and second claims are barred by procedural default and do not warrant habeas relief.

## III.

Petitioner's claims are procedurally defaulted, and he is therefore not entitled to habeas corpus relief from his state court convictions.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DENIED.**

                                                           s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

Dated: May 4, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2007.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS